**PENINSULA STATE BANK, Appellant.**

v.

**THOMPSON–COPELAND, INC., et al., Appellees.**

No. 21377.

United States Court of Appeals
Fifth Circuit.

May 20, 1965.

8.   Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

William Terrell Hodges, Harold L. Mittle, Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for appellant Peninsula State Bank.

Donald Williamson, Atty., Dept. of Justice, Washington, D. C., Robert Gorman Alexander, Jacksonville, Fla., Arnold D. Levine, Asst. U. S. Atty., Maynard Ramsey, Tampa, Fla., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Tampa, Fla., Joseph Kovner, Atty., Dept. of Justice, Washington, D. C., Buckley, Ramsey & Stichter, Tampa, Fla., for appellee, Thompson-Copeland, Inc.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and DYER, District Judge.

RIVES, Circuit Judge:

This appeal is from a judgment of distribution of the sum of $16,623.69 deposited in court by Henry C. Beck Company (Beck) on its counterclaim for interpleader. The court allowed Beck's attorney a fee for filing the interpleader of $250.00 which is not contested. Out of the balance the court ordered paid the claim of Thompson-Copeland, Inc. in the then amount of $3,521.73, and the remainder to be paid to the United States in partial liquidation of its indebtedness. It further ordered that the Peninsula State Bank (the Bank) is not entitled to receive any part of the fund. The Bank appeals.

The district court made full findings of fact and conclusions of law, no part of which is attacked except the conclusion that "failure to comply with the requirements of Section 524.03, Florida Statutes, 1961 [F.S.A.], requiring renewal of a notice of assignment of accounts receivable after the expiration of one year from the date of initial filing of such notice, causes the original notice of assignment to lose its efficacy," even as to intervening claimants whose liens attached within the one year after the date of initial filing.

To understand this decision it will suffice to briefly capsule the full findings of the district court. A subcontractor under the "Miller Act," 40 U.S.C. §§ 270a et seq., assigned to Dickey Investment Company (Dickey) all of its right, title and interest in and to the payments to be received by it under its subcontract. Dickey duly filed written notice of the assignment with the Secretary of State of the State of Florida as required by the Florida Assignment of Accounts Receivable Act, but no renewal of such notice of assignment of accounts receivable was thereafter filed. Dickey duly assigned to the Bank all of his right, title and interest in and to any payments to be received from the subcontractor. The Bank never filed notice of its assignment from Dickey with the Secretary of State or notice of renewal.

The Bank took the position in the district court that it stood in the shoes of its assignor Dickey on the question of priority, and that position was not challenged. The district court properly held that "the Bank having failed to file notice with the Secretary of State of the State of Florida of its assignment from Dickey, its relative position of priority as to the fund in question is to be determined by the relative position of priority, if any, that Dickey has as to such fund."

Thompson-Copeland, Inc. recovered its judgment and had a writ of garnishment served upon the prime contractor within one year after the filing of the assignment to Dickey. Also within that year the United States assessed its taxes and filed notice of its tax lien for the larger part of the sum for which it holds tax

liens. Neither Thompson-Copeland, Inc. nor the United States undertook collection until after the year had expired.

Determination of the priorities depends upon the proper construction of the Florida Accounts Receivable Act, and particularly of Section 524.03, F.S.A.:

*"524.03 One year period; renewal; affidavit of continuance*

"(1) Unless sooner cancelled, a notice of assignment shall be effective for one year after the filing of the last renewal thereof, or, if no renewal, after the filing of the notice.

"(2) A filing assignee may, at any time during the effective period of his notice of assignment, file a notice of renewal, signed by the assignee and assignor, in the following form or in any other form containing substantially the same information:

RENEWAL OF NOTICE OF ASSIGNMENT OF ACCOUNTS RECEIVABLE

"The notice of assignment of accounts receivable, file No. _____ filed _____, designating _____
　　　(date)　　　　　　　(name
_____ as assignor and
　and address)
_____ as
　　(name and address)
assignee is hereby renewed.

"(3) A filing assignee may during the effective period of his notice file an affidavit of continuance that he legally holds one or more outstanding protected assignments, which affidavit shall be effective for one year from filing but may be renewed from time to time. Such affidavit need not specify what protected assignments are outstanding."

Section 524.04(4), also pertinent, provides:

"(4) A protected assignment remains protected while a notice of assignment, a renewal thereof, or an affidavit of continuance is effective."

■ This Court has held that "the statute establishes a mandatory, exclu-

sive system of perfecting assignments of accounts receivable." Miami National Bank v. Knudsen, 5 Cir. 1962, 300 F.2d 289. In that case actual notice had been given the account debtors. After full consideration, the court concluded its opinion as follows:

"Considering the background of the Florida Accounts Receivable Act, the legislative purpose, and the sense of the statute, we hold that Chapter 524 is a mandatory recording law. The Miami National Bank's failure to file the requisite notice with the Secretary of State of Florida prevented perfection of the assignment." 300 F.2d at 296.

■■ The Bank relies principally upon cases construing statutes which require chattel mortgages and conditional sales contracts to be recorded in order to be valid as against third parties. The construction of those statutes which are markedly different in purpose and terms from that here under consideration is only remotely relevant. Absent any authoritative construction of this statute by the Florida state courts, it became the duty of the district court to construe and apply the statute in the light of its language and of the legislative purpose. The statute provides for a very simple notice to be filed to be effective for one year, and for the filing of an equally simple notice of renewal or affidavit of continuance. It expressly limits the period during which the notice of assignment shall be effective to one year after its filing or the filing of the last renewal or of an affidavit of continuance. The simplest and most reasonable interpretation of the statute and the one avoiding complicated questions of a circularity of claims, seems to us that an assignee of accounts receivable has a protected assignment as against another creditor laying claim to the fund only if he has complied with the filing requirements. That construction seems to us also to be more in accord with the rationale of the Miami National Bank case, supra. We therefore agree with the district court's conclusion of law here under attack, and

hold that when there was no longer an effective notice of assignment or renewal thereof, the Bank was not a "protected assignee" under the statute and the accounts receivable were subject to the claims asserted by other creditors. The judgment is

Affirmed.